UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M. WOLF, Jr., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-CV-849 RLW |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This habeas matter is before the Court on petitioner's response to the Court's show cause order dated November 18, 2022. After reviewing petitioner's response, the Court will dismiss the petition as being barred by 28 U.S.C. § 2254's one-year limitations period.

## Background

Petitioner seeks to challenge his April 2018 Missouri State Court convictions and sentences for manslaughter, possession of a controlled substance and felony stealing. *State v. Wolf*, Nos. 1711-CR01215-01, 1319-01 and 02748-01 (11th Jud. Cir., St. Charles County). He was sentenced to a total term of imprisonment of thirteen (13) years.[1]

---

[1] In Case No. 1711-CR01215-01, petitioner was sentenced on April 3, 2018, to seven (7) years imprisonment in the Missouri Department of Corrections after making an Alford plea to involuntary manslaughter. His sentence of imprisonment was ordered to run consecutive with the sentences imposed in Case No. 1319-01 and concurrent with the sentence imposed in Case No. 02748-01. In Case No. 1319-01, he was sentenced on April 3, 2018, to six (6) years imprisonment in the Missouri Department of Corrections after pleading guilty to the charge of possession of a controlled substance. This sentence was ordered to be served consecutive with the sentence imposed in Case No. 1215-01 and concurrent with the sentence imposed in Case No. 02748-01. In Case No. 02748-01, he was he was sentenced on April 3, 2018, to seven (7) years imprisonment in the Missouri Department of Corrections after pleading guilty to felony stealing. This sentence was ordered to be served concurrent with the sentence imposed in Case Nos. 1215-01 and 01319-01.

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied by the trial court on November 10, 2020. *Wolf v. State*, No. 2011-CC-1061 (11th Jud. Cir., St. Charles County). The Missouri Court of Appeals denied petitioner's appeal of the dismissal of his motion for post-conviction relief on November 9, 2021. *Wolf v. State of Missouri*, No. ED109326 (Mo. Ct .App. 2020).[2] The motion for rehearing/transfer to the Supreme Court was denied on February 8, 2022; *id,* and petitioner's application for transfer to the Missouri Supreme Court was denied on that same date. *Wolf v. State*, No. SC99462 (2022). The mandate was issued on February 10, 2022. *Wolf v. State of Missouri*, No. ED109326 (Mo. Ct. App. 2022).

Petitioner placed his application for writ of habeas corpus in the prison mailing system at South Central Correctional Center (SCCC) on June 24, 2023. [ECF No. 1]. In the application for writ, petitioner asserts that his Missouri State sentences are invalid because he was never booked in state custody.

After reviewing the application for writ, the Court ordered petitioner to show cause, on July 24, 2023, why his petition for writ of habeas corpus should not be dismissed as time barred. [ECF No. 5]. Petitioner filed a response to the Order to Show Cause, as well as a supplemental response, on August 7, 2023. [ECF Nos. 6 and 7].

---

[2]On February 22, 2021, petitioner filed an application for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. *See Wolf v. Morriss*, No. 4:21-CV-221 JMB (E.D. Mo 2021). Because the appeal of the denial of his motion to vacate was still pending in Missouri State Court, this Court denied his application for habeas corpus due to failure to exhaust his state court remedies.

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal his three sentences entered on April 3, 2018. Pursuant to Missouri Supreme Court Rule 30.03, a conviction and sentence becomes final with the expiration of the ten-day period for filing a notice of appeal. *See also Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review). As petitioner did not appeal his sentences, his state court judgments became final under 28 U.S.C. § 2244(d)(1)(A) on April 13, 2018, and the limitations period began to run.[3] The limitations period, therefore, expired on April 13, 2019,

---

[3] Although the statute of limitations tolls while state post-conviction processes are proceeding, *see Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005), petitioner filed his first post-conviction proceeding after his statute of limitations had already run, on October 23, 2020. *See Wolf v. State*, No. 2011-CC-1061 (11th Jud. Cir., St. Charles County). Therefore, petitioner is not entitled to any tolling of his one-year limitations period.

well before petitioner filed the instant petition for writ of habeas corpus in June of 2023, and well before February of 2021, which was the first time petitioner filed a habeas in this Court.

Petitioner can be understood to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be tolled if a petitioner demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, petitioner makes no effort to demonstrate that he attempted to diligently pursue his rights prior to the expiration of the statute of limitations. He does not explain when he learned of the facts giving rise to his claim for relief or attempt to show he could not have discovered such facts through reasonable diligence within the one-year limitations period. Because petitioner cannot demonstrate he was diligently pursuing his rights, he cannot demonstrate entitlement to equitable tolling. *See Holland,* 560 U.S. at 649 and *Muhammad*, 735 F.3d at 815.

In the response briefs filed on August 7, 2023, petitioner contends that the COVID-19 pandemic prevented him from fully presenting his claims to a court in a timely manner. Specifically, petitioner claims that he was out on bond during the pandemic until January 8, 2022.

However, he went "from dwelling to dwelling" staying with friends and family and often had trouble obtaining income so he could not hire an attorney to investigate his claim. And when he returned to jail in January of 2022, he was only allowed to receive paperwork from the courts or lawyers.

But the pandemic did not manifest in this country until mid-March to early April of 2020. Petitioner does not explain why he was unable to research and present his claims sometime between the time he was sentenced in April of 2018,[4] and the start of COVID-19 in early 2020. Thus, he has not established that he was pursuing his rights diligently and that equitable tolling is warranted.

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances— conceivably warrant equitable tolling" for § 2254 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. The District of Nevada, for example, granted a defendant's COVID-19-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, No. 3:19-CV-702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). But the court in that case had "little to no doubt that [the defendant and his counsel

---

[4]Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

were] pursuing [the defendant's] rights diligently." *Id.*; *see also Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020).

In several cases, § 2254 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries because of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a habeas corpus application prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *United States v. Henry*, No. 2:17-CR-180, 2020 WL 7332657 (W.D. Pa. Dec. 14, 2020).

Here, "in light of the particular circumstances" of this case, there is no basis for equitable tolling. Petitioner has not established that he was pursuing his rights diligently, or that the COVID-19 pandemic blocked him from doing so. Because petitioner fails to establish that he diligently pursued his rights and fails to establish that an extraordinary circumstance prevented him from timely filing his petition for writ of habeas corpus, the Court concludes that there is no basis to invoke equitable tolling. As a result, petitioner's application for relief is time barred and subject to dismissal.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED** and **DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of August, 2023.